UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
BROWARD DIVISION

DOREEN MILLER,

    Plaintiff,

v.	CASE NO.:

CHARTER SCHOOLS USA, INC.,
a Foreign Profit Corporation,

    Defendant.
_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, DOREEN MILLER ("Ms. Miller" or "Plaintiff") files this Complaint against Defendant, CHARTER SCHOOLS USA, INC. ("Defendant"), and states as follows:

## INTRODUCTION

1. Plaintiff brings this action pursuant to the Family and Medical Leave Act, as amended, 29 U.S.C. § 2601, et seq. ("the FMLA").

2. Plaintiff is seeking damages including back pay, front pay, compensatory damages, liquidated damages, declaratory relief, and her attorneys' fees and costs.

## JURISDICTION, VENUE AND FMLA COVERAGE

3. The Court has jurisdiction over Plaintiff's claims pursuant to 28 U.S.C. §1337 and the FMLA and the authority to grant declaratory relief under the FMLA, and pursuant to 28 U.S.C. § 2201 *et seq.*

4. At all times relevant hereto, Plaintiff was an employee of Defendant and worked for Defendant in Broward County, Florida.

5. At all times relevant, Defendant was an employer covered by the FMLA, because it was engaged in commerce, or in an industry affecting commerce, who employed fifty (50) or more employees within seventy-five (75) miles of where Plaintiff worked, for each working day during each of twenty (20) or more calendar workweeks during the relevant period of time.

6. At all times relevant hereto, Plaintiff was an employee entitled to leave under the FMLA, based on the fact that she: (a) suffered from a serious health condition as defined by the FMLA which necessitated FMLA leave; and (b) she was employed by Defendant for at least 12 months and worked at least 1,250 hours during the relevant 12-month period prior to her seeking to exercise her rights to FMLA leave.

## FACTUAL ALLEGATIONS

7. . Ms. Miller worked as for Defendant as an Accounts Payable Specialist from July 15, 2013, until her termination on February 6, 2019.

8. Throughout her lengthy tenure, Ms. Miller was an excellent employee, with no significant history of non FMLA-related attendance, disciplinary, or performance issues.

9. Unfortunately, around January 2019, Ms. Miller began experiencing gallbladder attacks that caused her severe pain and discomfort.

10. Ms. Miller was thereafter diagnosed with a diseased gallbladder and her physicians recommended that she undergo surgery to treat same.

11. Following her diagnosis and surgical recommendation, Ms. Miller's physician scheduled her for surgery on January 28, 2019.

12. Ms. Miller informed her Supervisor, Chantel Talley ("Ms. Talley"), of same and the latter simply instructed Ms. Miller to contact Defendant's Human Resources ("HR") department for further help.

13. As instructed, Ms. Miller called and e-mailed Defendant's HR department multiple times requesting to access FMLA information and guidance, but the HR department refused and/or failed to appraise her of same.

14. Ultimately, on January 10, 2019, Ms. Miller had to personally request FMLA information from Human Resources.

15. After forcing Ms. Miller to wait for an extended period to secure her FMLA paperwork, Human Resources finally provided Ms. Miller with her FMLA forms, and curtly advised her to fill them out quickly and to the best of her ability, giving her absolutely no guidance on how to complete them.

16. Ms. Miller filled out the forms to the best of her ability and in the manner in which she was being rushed.

17. By January 23, 2019, Ms. Miller's FMLA leave had yet to be approved, without follow up questions or explanation from Defendant advising her either that information was missing, or she needed to secure additional documentation.

18. Anxious that she would not be able to get time off work for her surgery, Ms. Miller called Defendant's Third Party Administrator, Cigna, and inquired about the status of her pending FMLA request.

19. At that time, a Cigna representative informed Ms. Miller that her FMLA leave was not approved because her forms were improperly filled out and had not been sent to her medical provider.

20. Shocked that Defendant's HR department neglected to inform her of any of this, Plaintiff immediately re-submitted her completed FMLA forms for approval.

21. At no time prior had Ms. Miller received notice that her FMLA was not approved, or that her forms were in any manner deficient.

22. On January 28, 2019, Ms. Miller underwent a successful gallbladder surgery and returned to work on February 4, 2019, with temporary light duty restrictions.

23. The very same day when Ms. Miller returned to work from what should have been an approved FMLA absence, Human Resources Representative, Javier DeMarco ("Mr. DeMarco"), and Controller, Natalie Syvetska ("Ms. Syvetska"), informed Ms. Miller that she was to be placed on an "administrative leave," effective immediately.

24. Two (2) days later, Defendant still had not contacted Ms. Miller regarding the status of her return to work, or any pending investigation against her.

25. Anxious that she would lose her only source of income and fresh off of what should have been FMLA protected leave, Ms. Miller called Mr. DeMarco, who, along with Ms. Syvetska, abruptly informed Ms. Miller that she was terminated.

26. Based on the foregoing, Plaintiff was not returned to the same, or substantially equivalent position upon her return from FMLA leave.

27. Plaintiff's absences stemming from her serious medical condition should have been protected under the FMLA, but instead were used to retaliate against her following her inquiry into her rights under the FMLA, need for FMLA leave, and attempt to return to work.

28. As a result of the foregoing, Defendant interfered with Plaintiff's FMLA rights.

29. Moreover, because Defendant acted with intent to interfere with, and otherwise retaliate against, Plaintiff for her use of what should have been protected FMLA leave, Defendant's actions likewise constitute FMLA retaliation.

30. Defendant's stated reason for Plaintiff's termination is a pretext, designed to cover up FMLA interference and retaliation.

31. The timing of Plaintiff's use of her protected FMLA leave, and Defendant's termination of her employment, alone demonstrates a causal and temporal connection between her protected FMLA leave, and the illegal actions taken against her by Defendant.

32. Defendant purposefully and intentionally interfered with, and retaliated against Plaintiff, for her use of FMLA protected leave.

33. As a result of this illegal conduct, Plaintiff has suffered damages, including loss of employment, wages, benefits, and other remuneration to which she is entitled.

34. Defendant did not have a subjective or objective good faith basis for its actions, and Plaintiff is therefore entitled to liquidated damages.

## COUNT I- UNLAWFUL INTERFERENCE UNDER THE FMLA

35. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34 above.

36. At all times relevant hereto, Plaintiff was protected by the FMLA.

37. At all times relevant hereto, Plaintiff was protected from interference under the FMLA.

38. At all times relevant hereto, Defendant interfered with Plaintiff by refusing to allow Plaintiff to exercise her FMLA rights.

39. As a result of Defendant's willful and unlawful acts by interfering with Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

40. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief, reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

## COUNT II- RETALIATION UNDER THE FMLA

41. Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-34, above.

42. At all times relevant hereto, Plaintiff was protected by the FMLA.

43. At all times relevant hereto, Plaintiff was protected from retaliation under the FMLA.

44. At all times relevant hereto, Defendant retaliated against Plaintiff by firing her for her use of what should have been FMLA protected leave.

45. Defendant acted with the intent to retaliate against Plaintiff, because Plaintiff exercised her right to take approved leave pursuant to the FMLA.

46. As a result of Defendant's intentional, willful and unlawful acts by retaliating against Plaintiff for exercising her rights pursuant to the FMLA, Plaintiff has suffered damages and incurred reasonable attorneys' fees and costs.

47. As a result of Defendant's willful violation of the FMLA, Plaintiff is entitled to liquidated damages.

WHEREFORE, Plaintiff demands judgment against Defendant for back pay, an equal amount as liquidated damages, other monetary damages, equitable relief, declaratory relief,

reasonable attorneys' fees and costs, and any and all further relief that this Court determines to be just and appropriate.

DATED this 11th day of October 2019.

Respectfully Submitted,

By**:/s *Noah E. Storch***
Noah E. Storch, Esq.
Florida Bar No. 0085476
Iris Kwon, Esq.
Florida Bar No.: 115140
Richard Celler Legal, P.A.
10368 West State Road 84, Suite 103
Davie, Florida 33324
Telephone:  (866) 344-9243
Facsimile:   (954) 337-2771
E-mail: noah@floridaovertimelawyer.com
E-mail: iris@floridaovertimelawyer.com

*Attorneys for Plaintiff*